## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JAMES CURTIS, individually and on behalf of all persons similarly situated,** | : |
| 4022 Night Heron Court | : |
| Waldorf, MD 20603 | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| | : |
| **GENESIS ENGINEERING SOLUTIONS, INC.** | : |
| 4501 Boston Way, Suite A | : |
| Lanham, MD 20706 | : |
| | : |
| **Defendant.** | : |

**CIVIL ACTION NO.:**

**Class and Collective Action Complaint**

**Jury Trial Demanded**

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff James Curtis, individually and on behalf of all persons similarly situated, by undersigned counsel, seeks all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and Maryland law against Defendant to recover unpaid prevailing wages and overtime compensation. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTORY STATEMENT

Plaintiff worked for the Defendant as under the job title "Procurement Specialist," almost exclusively on federally funded (NASA-funded) service contracts. Plaintiff was denied both prevailing wages and overtime compensation at the applicable prevailing wage. Although Plaintiff was classified without any legal basis as an overtime-exempt employee, he did not even receive a salary. Plaintiff's primary duty was to perform non-exempt work tasks such as compiling and recording production, consumption and quality control data, preparing requisition forms, and ordering parts and equipment. Furthermore, pursuant to the Service Contract Act, 41 U.S.C. §

6701 *et seq*. ("SCA"), and as pre-determined by the U.S. Department of Labor, Plaintiff was to be paid for his NASA contract work at the applicable prevailing wage rate for the SCA classification "Production Control Clerk," which is DOL's analog to a Procurement Specialist.   In Prince George's County, MD, the prevailing applicable rate for Production Control Clerk is $26.08 per hour.  However, during his employment with Defendant, Plaintiff was only compensated at rates of pay ranging from approximately $18 - 24 per hour, without an overtime premium.   Thus, Defendant failed to compensate Plaintiff at his SCA hourly rate for the first 40 hours each week, and at 150% of his regular (SCA) hourly rate when he worked over 40 hours in a week.

In this case, Plaintiff bases his claims on: (1) the failure to pay overtime compensation at the correct SCA regular rate under the FLSA and parallel Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-415(a) ("MWHL"), *Amaya v. Power Design*, 833 F.3d 440 (4th Cir. 2016); *Masters v. Md. Mgmt. Co.*, 493 F.2d 1329, 1331 (4th Cir. 1974), as well as (2) the underlying service contracts with NASA, which incorporate SCA prevailing wage requirements and are intended to benefit the service employees as third parties.  *See* 41 U.S.C. § 6703.  Any employee performing service work under a federally-funded contract (be they an employee of a general contractor or a subcontractor) is an intended beneficiary of the public contract and must be paid the relevant SCA wage and benefit rate, and at 150% for overtime hours worked.   As intended beneficiaries, Plaintiff and the putative classes of employees thus have standing to sue under the common law for breach of these public contracts.  *Cox v. NAP Const. Co.*, 10 N.Y.3d 592, 604 (NY 2008); *Flaherty v. Weinberg*, 303 Md. 116, 129, 492 A.2d 618, 624 (1985).  The unpaid wages due under these contracts, the SCA, FLSA and MWHL, are also recoverable under the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., § 3-501 *et seq*., ("MWPCL").

2

Defendant similarly failed to pay the minimum SCA wages and overtime wages for other overtime-exempt misclassified positions such as Procurement Specialist, PCB Electronics Assembler, PWB Fabrication Lead, Cable Harness Assembler, Support Specialist and Technician (and similar positions). Plaintiff thus seeks to act both individually and as a class/collective representative for these employees.

Defendant is highly experienced in NASA work, and virtually its entire business is dependent on NASA contracts. Defendant's actions were not merely an unintentional oversight. Plaintiff complained to the head of human resources that he was not receiving the overtime pay he was entitled to, but Defendant willfully refused to properly classify and compensate them.

For these reasons and those that follow, Plaintiff requests the individual and class-based relief articulated herein.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Any claims arising under state law are properly before this Court pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this District.

## PARTIES

3. Plaintiff James Curtis ("Curtis" or "Plaintiff") is an individual currently residing in Waldorf, Maryland. He was employed by Defendant at its Prince George's County headquarters from on or about June 2019 through on or about February 2021. To the extent Plaintiff worked on NASA-funded service contracts, he is a "service employee" under the Service Contract Act, 29

U.S.C. § 6701(3).  Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to being a party plaintiff in this action.  *See* Ex. A.

4.      Defendant Genesis Engineering Solutions, Inc. is a Delaware Corporation headquartered in Lanham, Maryland.

5.      Defendant is in the business of providing aerospace design and engineering services, primarily for NASA.[1]

6.      Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7.      Defendant's annual gross volume of business exceeds $500,000.

## CLASS DEFINITIONS

8.      Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential opt-in litigants:

> All current or former employees of Genesis Engineering Solutions, Inc. ("GES"), in the job categories of Procurement Specialist, PCB Electronics Assembler, PWB Fabrication Lead, Cable Harness Assembler, Support Specialists and Technicians (and similar positions), who performed work for GES in the United States and who were not paid overtime compensation at 150% of their applicable regular rate of pay in at least one workweek during the past three years (the "FLSA Class").

9.      Plaintiff also brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following subclass of potential opt-in litigants:

> All current or former employees of Genesis Engineering Solutions, Inc. ("GES"), in the job categories of Procurement Specialist, PCB Electronics Assembler, PWB Fabrication Lead, Cable Harness Assembler, Support Specialists and Technicians (and similar positions), who performed work

---

[1] *See* https://genesisesi.com/ (last accessed 2/22/2021).

for GES under any U.S. Government funded service contract in the United States, and who were not paid overtime compensation at 150% of their applicable regular rate of pay under the Service Contract Act, 29 U.S.C. § 6701 *et seq.* in at least one workweek during the last three years (the "FLSA-SCA Subclass").

10.     Plaintiff brings Counts II-IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current or former employees of Genesis Engineering Solutions, Inc. ("GES"), in the job categories of Procurement Specialist, PCB Electronics Assembler, PWB Fabrication Lead, Cable Harness Assembler, Support Specialists and Technicians (and similar positions), who performed work for GES in Maryland and who were not paid overtime compensation at 150% of their applicable regular rate of pay for at least one workweek during the last three years (the "Maryland Class").

11.     Plaintiff also brings Counts II-IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following subclass:

> All current or former employees of Genesis Engineering Solutions, Inc. ("GES"), in the job categories of Procurement Specialist, PCB Electronics Assembler, PWB Fabrication Lead, Cable Harness Assembler, Support Specialists and Technicians (and similar positions), who performed work for GES in Maryland under any U.S. Government funded service contract, and who were not paid overtime compensation at 150% of their applicable regular rate of pay under the Service Contract Act, 29 U.S.C. § 6701 *et seq.* for at least one workweek during the last three years (the "Maryland-SCA Subclass").

12.     The FLSA Class, FLSA-SCA Subclass, Maryland Class and Maryland-SCA Subclass are together referred to as the "Classes."

13.     Plaintiff reserves the right to redefine the Classes and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

## Compensation Structure

14.     In approximately June 2019, Defendant hired Plaintiff as a temporary hourly

"Intern" at a rate of $18 per hour.

15.     In approximately August 2019, Plaintiff was promoted to Procurement Specialist as a full-time employee at an hourly rate of approximately $20 per hour.  Despite being paid hourly (i.e., without the guarantee of a salary within the meaning of 29 C.F.R. § 541), Plaintiff was designated by Defendant as an overtime-exempt employee.

16.     Plaintiff received various additional promotions and pay raises until his termination of employment in February 2021, at which time he earned approximately $24 per hour.

17.     During all relevant time periods, Plaintiff's work duties constituted non-exempt tasks such as compiling and recording production, consumption and quality control data, preparing requisition forms, and ordering parts and equipment.

18.     Pursuant to the Service Contract Act, 41 U.S.C. § 6701 *et seq*. ("SCA"), and as pre-determined by the U.S. Department of Labor, Plaintiff was to be paid for his NASA contract work at the applicable prevailing wage rate for the SCA classification "Production Control Clerk," which is DOL's analog to Defendant's Procurement Specialist position:

01270  PRODUCTION CONTROL CLERK

This position compiles and records production data for industrial establishments to compare records and reports on volume of production, consumption of material, quality control, and other aspects of production. May perform any combination of the following duties: compile and record production data from customer orders, work tickets, product specifications, and individual worker production sheets following prescribed recording procedures and using different word processing techniques. This Clerk calculates such factors as types and quantities of items produced, materials used, amount of scrap, frequency of defects, and worker and department production rates, using a computer, calculator, and/or spreadsheets. Additional tasks include: writing production reports based on data compiled, tabulated and computed, following prescribed formats, maintaining files of documents used and prepared, compiling detailed production sheets or work tickets for use by production workers as guides in assembly or manufacture of products. This Clerk prepares written work schedules based on established guidelines and priorities, compiles material inventory records and prepares requisitions for procurement of materials and supplies charts production using chart, graph, or

pegboard based on statistics compiled for reference by production and management personnel. This Clerk also sorts and distributes work tickets or material and may compute wages from employee time cards and post wage data on records used for preparation of payroll.

See Ex. B, SCA Directory of Occupations, 5th Ed., at pp. 9.

19.     At Defendant's headquarters in Prince George's County, MD, where Plaintiff's and the Classes' work was performed, the prevailing applicable rate for Production Control Clerk is $26.08 per hour.  See Ex. C, SCA Wage Determination No. 2015-4281, Rev. No. 17.

20.     However, during his employment with Defendant, Plaintiff was only compensated at rates of pay ranging from approximately $18 - 24 per hour, without an overtime premium.

21.     During many busy weeks as a Procurement Specialist, Plaintiff Curtis worked approximately 50-60 hours per week.  During these busy weeks, Plaintiff Curtis received at most only straight-time pay for his overtime hours, rather than 150% of his regular hourly rate, as required by 29 U.S.C. § 207, the SCA and Maryland Law.

22.     Despite being labeled by Defendant as an "exempt" employee, at no time did Plaintiff Curtis receive a "salary" within the meaning of 29 C.F.R. § 541, *et seq*.

23.     Based both on his primary work duties and the lack of a salary payment, Plaintiff Curtis was not exempt from an entitlement to an overtime premium for overtime hours worked. There was no reasonable basis for Defendant to believe Plaintiff was overtime-exempt.

**Willfulness**

24.     Throughout his employment, Plaintiff Curtis complained to senior management, including the head of Human Resources, Dollie White, that he was due overtime compensation. However, Defendant ignored Plaintiff Curtis' protected complaint.

25.     During weeks in which he worked only about 40 hours, his supervisor Ryan Willbourn docked his pay, under the false pretense that Plaintiff Curtis left work early.

7

26.     Defendant knew that Plaintiff Curtis was not paid an overtime premium for all hours worked in excess of forty (40) in a workweek and knew he was not exempt from an entitlement to an overtime premium.

27.     Defendant is a sophisticated corporation with decades of experience in federal government contracting and with access to knowledgeable human resource specialists and competent labor counsel.

28.     Defendant acted willfully and with reckless disregard of clearly applicable FLSA and state law provisions by failing to compensate Plaintiff Curtis with an overtime premium of 150% for all hours worked in excess of 40 during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings his claims under the FLSA, pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class and FLSA-SCA Subclass defined above.

30.     Plaintiff desires to pursue his claims on behalf of any individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

31.     Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as employees pursuant to Defendant's previously described common overtime-exempt misclassification practices and, as a result of such practices, were not paid the full and legally-mandated overtime compensation.

32.     Plaintiff and the FLSA-SCA Subclass are also "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as service employees under NASA-funded service contracts pursuant to Defendant's previously described common overtime-exempt misclassification practices and, as a result of such practices, were not paid the full and legally-mandated overtime compensation.

8

33.     Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common classification, compensation, timekeeping and payroll practices.

34.     Specifically, Defendant typically failed to pay overtime compensation to Plaintiff and the FLSA Class at the applicable regular rate, and (as to the FLSA-SCA Subclass) at the applicable prevailing regular rate required by the NASA service contracts, the SCA and related laws.  *Amaya v. Power Design*, 833 F.3d 440 (4th Cir. 2016) (Davis-Bacon Act); *Masters v. Md. Mgmt. Co.*, 493 F.2d 1329, 1331 (4th Cir. 1974) (Service Contract Act); *Powell v. U.S. Cartridge Co.*, 339 U.S. 497 (1950) (Walsh-Healy Act).

35.     The similarly-situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records and the records of any payroll companies that Defendant utilizes.  Defendant employ many class members throughout the United States.  These similarly-situated employees may be readily notified of this action through direct U.S. mail, electronic and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself, the Maryland Class and the Maryland-SCA Subclass as defined above.

37.     The members of the Maryland Class and the Maryland-SCA Subclass are so numerous that joinder of all members is impracticable.  Upon information and belief, there are more than 40 members of each class.

38.     Plaintiff will fairly and adequately represent and protect the interests of the Maryland Class and the Maryland-SCA Subclass because there is no conflict between the claims

of Plaintiff and those of the classes, and Plaintiff's claims are typical of the claims of the classes. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

39.     There are questions of law and fact common to the proposed classes, which predominate over any questions affecting only individual class members, including, without limitation: whether Defendant violated and continues to violate applicable public contracts and federal and Maryland law through its policy or practice of not paying its employees at applicable prevailing wages and at 150% of the regular hourly rate.

40.     Plaintiff's claims are typical of the claims of the class in the following ways, without limitation: (a) Plaintiff is a member of the Maryland Class and the Maryland-SCA Subclass; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Maryland Class and the Maryland-SCA Subclass; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Maryland Class and the Maryland-SCA Subclass and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the class members.

41.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the classes predominate over any questions affecting only individual class members.

42.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

10

would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The class is readily identifiable from Defendant's own employment records.  Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

43.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

44.     Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and class members.  Plaintiff envisions no difficulty in the management of this action as a class action.

### COUNT I – UNPAID OVERTIME
### Violations of the Fair Labor Standards Act
### (Plaintiff, the FLSA Class, and FLSA-SCA Subclass v. Defendant)

45.     All previous paragraphs are incorporated as though fully set forth herein.

46.     The FLSA requires that covered employees be compensated at a rate of not less than one and one half their regular rate of pay ("Overtime Rate") for all hours worked in excess of forty (40) hours per week.  *See* 29 U.S.C. § 207(a)(1).  As to Plaintiff and the FLSA-SCA Subclass, the regular rate of pay is the rate mandated by the SCA.

47.     Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

48.     During all relevant times, Defendant was an "employer" engaged in interstate

commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

49.     During all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA's protections.  *See* 29 U.S.C. § 203(e).  Plaintiff and the FLSA-SCA Subclass were service employees of Defendant on federally-funded service projects.  29 U.S.C. § 6701(3).

50.     Plaintiff is not exempt from the requirements of the FLSA.  Plaintiff is entitled to be paid at Overtime Rate for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

51.     Defendant failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiff at Overtime Rate for all hours worked over forty (40) in a workweek.

52.     Defendant knowingly failed to compensate Plaintiff at Overtime Rate for all hours worked (including at the applicable SCA regular rate as to the FLSA-SCA Subclass) in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

53.     Defendant also failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine his wages, hours, and other conditions of employment in violation of the FLSA.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

54.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

55.     Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II – Unpaid Overtime
## Violation of the Maryland Wage and Hour Law
### (Plaintiff and Classes v. Defendant)

56.     All previous paragraphs are incorporated as though fully set forth herein.

57.     The Maryland Wage and Hour Law ("MWHL") requires that covered employees be compensated for all hours worked.  *See* Md. Code Ann., Lab. & Empl. § 3-415(a).

58.     The MWHL also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at 150% of the regular rate of pay.  *Id.*  As to Plaintiff and the Maryland-SCA Subclass, the regular rate of pay is the rate mandated by the SCA.

59.     Defendant is subject to the overtime requirements of the MWHL because Defendant is an employer under Md. Code Ann., Lab. & Empl. § 3-401(b).

60.     During all relevant times, Plaintiff was a covered employee entitled to the above-described MWHL's protections.  *See* Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*  Plaintiff and the Maryland-SCA Subclass were service employees of Defendant.  29 U.S.C. § 6701(3).

61.     Defendant failed to compensate Plaintiff at an Overtime Rate for hours worked at the applicable regular rate (and SCA rate for the FLSA-SCA Subclass and the Maryland-SCA Subclass) in excess of forty (40) hours per week, in violation of Md. Code Ann., Lab. & Empl. § 3-415(a).

62.     Pursuant to Md. Code Ann., Lab. & Empl. § 3-427, employers, such as Defendant, who fail to pay an employee wages in conformance with the MWHL shall be liable to the employee for the wages or expenses that were not paid, interest, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT III
## BREACH OF CONTRACT
**(Plaintiff, FLSA-SCA Subclass and the Maryland-SCA Subclass v. Defendant)**

63.     All previous paragraphs are incorporated as though fully set forth herein.

64.     Plaintiff, the FLSA-SCA Subclass and the Maryland-SCA Subclass were service employees of Defendant and performed work throughout Maryland under federally-funded service contracts within the past three years.  29 U.S.C. § 6701(3).

65.     Pursuant to applicable federal service contracts and the incorporated SCA prevailing wage and benefit provisions, Defendant was obligated to pay Plaintiff and members of the Maryland-SCA Subclass the applicable prevailing wages (and at 150% for overtime hours) for all hours of work performed.

66.     Plaintiff and members of the Maryland-SCA Subclass, as service employees are entitled to all wages and benefits in the preceding paragraph, are intended third-party beneficiaries under applicable federal contracts.  *Cox v. NAP Const. Co.*, 10 N.Y.3d 592, 604 (NY 2008); *Flaherty v. Weinberg*, 303 Md. 116, 129, 492 A.2d 618, 624 (1985).

67.     Defendant failed to pay Plaintiff and members of the Maryland-SCA Subclass for all hours worked at the applicable SCA rate, in violation of applicable federal service contracts.

68.     Plaintiff and members of the Maryland-SCA Subclass were harmed by Defendant's breach of the applicable federal service contracts in that they were deprived of the applicable prevailing minimum wages required by the terms of these contracts.

69.     Plaintiff and members of the Maryland-SCA Subclass are all due unpaid prevailing wages, at an overtime rate over 40 hours worked in each work week, plus any additional damages (e.g., liquidated damages or interest) provided in applicable public contracts and all consequential damages resulting from the breach.

**COUNT IV**
**Violation of the Maryland Wage Payment and Collection Law**
**(Plaintiff and Classes v. Defendant)**

70.     All previous paragraphs are incorporated as though fully set forth herein.

71.     The Maryland Wage Payment and Collection Law ("MWPCL") provides that an employer is obligated to pay all wages due to its employees, including overtime compensation due under law.  *See* Md. Code, Lab. & Empl. Art., § 3-502.

72.     At all relevant times as alleged herein, Plaintiff was employed by Defendant within the meaning of the MWPCL.

73.     At all relevant times as alleged herein, Plaintiff's hourly straight-time wages (for hours worked until 40 in a workweek) and overtime compensation due as a matter of contract and law constituted "wages" within the meaning of the MWPCL.  *See* Md. Code, Lab. & Empl. Art., § 3-501(c).

74.     As a result of being undercompensated Plaintiff suffered consequential damages, including needing to taking out loans to pay his living expenses.

75.     Defendant has intentionally failed to pay, and/or unlawfully deducted, the wages, including overtime compensation, in violation of Md. Code, Lab. & Empl. Art., § 3-502.

76.     Defendant was not permitted by state or federal law, or by an order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's wages that concern this lawsuit.

77.     Defendant did not have written authorization from Plaintiff to withhold, divert or deduct any portion of his wages that concern this lawsuit.

78.     Pursuant to Md. Code, Lab. & Empl. Art., § 3-507.2, employers such as Defendant, who fail to pay an employee wages in conformance with the MWPCL shall be liable to the

15

employee for the unpaid wages or expenses that were not paid, liquidated damages of two times (2x) all unpaid wages, plus the court costs and attorney's fees incurred in recovering the unpaid wages.

79.     Due to Defendant's violation of the MWPCL, Plaintiff is entitled to all unpaid wages, including overtime compensation, liquidated damages of two times (2x) all unpaid wages, plus attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, seeks the following relief:

A.     An order permitting all claims in this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class and FLSA-SCA Subclass members;

C.     An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Maryland Class and the Maryland-SCA Subclass;

D.     Back pay damages (including unpaid compensation for all hours worked, at the applicable prevailing rates of pay and overtime rates) and prejudgment interest to the fullest extent permitted under the law;

E.     Liquidated damages to the fullest extent permitted under the law;

F.     Consequential damages resulting from breaches of contracts;

G.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

H.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: March 22, 2021

Respectfully Submitted,

GOODLEY LAW LLC

by:    /s/ James E. Goodley
James E. Goodley (Id. No. 18911)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@goodleylaw.net

*Attorney for Plaintiff and the Classes*

17