IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **JAMES CURTIS,**<br>    **Plaintiff,** | * |
| | * |
| v. | |
| | * |
| **GENESIS ENGINEERING SOLUTIONS, INC.,**<br>    **Defendant.** | Case No.: GJH-21-722 |
| | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff James Curtis brings a consent Motion for Preliminary Approval of a Settlement Agreement that purports to settle claims on behalf of himself and a potential settlement class against Defendant Genesis Engineering Solutions, Inc. ECF No. 8. The proposed Settlement Agreement settles various wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), the Maryland Wage and Hour Law, Md. Code. Ann., Lab. & Empl. § 3-415(a), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-502. ECF No. 8-8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons below, the Motion for Preliminary Approval is denied without prejudice.

### I.   BACKGROUND[1]

Defendant Genesis is a Delaware corporation headquartered in Maryland that provides aerospace design and engineering services for NASA. ECF No. 1 ¶¶ 4, 5.[2] Plaintiff Curtis worked as a Procurement Specialist for Defendant on federally funded service contracts from

---

[1] Unless otherwise noted, the facts are taken from the Complaint, ECF No. 1, and assumed to be true.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

June 2019 until February 2021. *Id.* ¶ 3. Plaintiff was first hired as an Intern and was paid $18 an hour. *Id.* ¶ 14. Later, he was promoted to a Procurement Specialist position and was classified as an "overtime-exempt" employee. *Id.* ¶ 15. As a Procurement Specialist, Plaintiff was paid an hourly rate of $20 an hour. *Id.* He performed duties such as compiling and recording production, consumption, and quality control data, preparing requisition forms, and ordering equipment. *Id.* ¶ 17. Plaintiff received various promotions and raises until he earned approximately $24 an hour, but at no time did he receive a salary. *Id.* ¶ 22. He often worked between 50 and 60 hours a week and did not receive overtime pay. *Id.* ¶ 21.

Plaintiff filed the Complaint on March 22, 2021. ECF No. 1. He brought claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Maryland wage and hour laws, Md. Code Ann., Lab. & Empl. § 3-415(a) ("MWHL"), and Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*, ("MWPCL"). *Id.* at 2. Plaintiff claimed that he was wrongfully misclassified as "overtime-exempt" despite not receiving a salary and that he was not paid for his NASA contract work at the applicable prevailing rate for his position, as required by the Service Contract Act, 41 U.S.C. § 6701 *et seq.* ("SCA"). Additionally, Defendant failed to "compensate Plaintiff at his SCA hourly rate for the first 40 hours each week," and Defendant failed to pay Plaintiff "150% of his regular hourly rate when he worked over 40 hours in a week." *Id.*

Plaintiff also alleged that Defendant failed to pay the minimum SCA wages and overtime wages to other Procurement Specialist employees and to those performing in positions such as PCB Electronics Assembler, PWB Fabrication Lead, Cable Harness Assembler, Support Specialist and Technician, and other similar positions. *Id.* at 3. Plaintiff requested to bring his FLSA claim as a collective action on behalf of himself and a potential class and sub-class of opt-in litigants. *Id.* ¶¶ 8, 9; *see also* 29 U.S.C. § 216(b). Plaintiff requested to bring his state law

claims on behalf of himself and a potential class and sub-class. *Id.* ¶¶ 10, 11; *see also* Fed. R. Civ. P. 23.

On June 18, 2021, the parties jointly notified this Court that they were in the process of finalizing a Settlement Agreement. ECF No. 7. On July 2, 2021, Plaintiff filed this consent Motion for Preliminary Approval of Class Action Settlement. ECF No. 8. The proposed Settlement Agreement purports to settle class action claims related to violations of the FLSA, the MWHL, and the MWPCL. ECF No. 8-5 ¶ 7.[3]

## II.   STANDARD OF REVIEW

"Congress enacted the FLSA to shield workers from substandard wages and working conditions arising from the unequal bargaining power between workers and employers." *Barnes v. Marriott Int'l, Inc.*, No. 20-cv-03205-PX, 2021 WL 3112453, at *1 (D. Md. July 22, 2021) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). "For this reason, the FLSA's requirements generally cannot be modified, waived, or bargained away by contract or settlement." *Id.* However, "a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to 29 U.S.C. § 216(b), provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. 12-cv-1083-DKC, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

"Whether to preliminarily approve a proposed class action settlement lies within the sound discretion of the district court." *Stephens v. Farmers Rest. Grp.*, 329 F.R.D. 476, 482 (D.D.C. 2019). "When the parties are seeking class certification and settlement at the same time,

---

[3] The Complaint also alleged claims under the Service Contract Act, 41 U.S.C. § 6701 *et seq.*, but the parties agreed to drop this claim from the Settlement Agreement. *See* ECF No. 8-5 ¶ 9.

however, the agreement requires closer judicial scrutiny than settlements that are reached after class certification." *Id.* (internal quotations and citations omitted); *see also* Manual for Complex Litigation (Fourth) § 21.612 (2004)). Similarly, "[d]eterminations of the appropriateness of [FLSA] conditional collective action certification and court-facilitated notice are left to the court's discretion." *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010); *see also Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."). In considering a motion for approval of a settlement agreement that purports to settle group claims under both the FLSA and state laws, the court examines whether the agreement satisfies the requirements of both the FLSA and Federal Rule of Civil Procedure 23. *See, e.g.*, *Edelen v. Am. Residential Servs., LLC*, No. 11-cv-2744-DKC, 2013 WL 3816986, at *2 (D. Md. July 22, 2013).

**III.    DISCUSSION**

In the consent Motion, the parties seek to settle this action for $100,000 to resolve all state law and federal claims arising from Defendant's alleged failure to pay appropriate hourly and overtime wages to putative class members. ECF No. 8-6 ("Settlement Agreement").

There are several requests in this Motion. First, Plaintiff requests that this Court grant preliminary approval to the Settlement Agreement. ECF No. 8 ¶ 1. Second, Plaintiff requests that this Court certify under Federal Rule of Civil Procedure 23 a class of "[a]ll current or former employees" of Defendant in the categories of "Procurement Specialist, PCB Electronics Assembler, PWB Fabrication Lead, Cable Harness Assembler, Support Specialists and Technicians (and similar positions)" who "were not paid overtime compensation at 150% of their applicable regular rate of pay for at least one workweek during the last three years[.]" *Id.* ¶ 2. Next, Plaintiff requests that this Court approve the settlement of the Settlement Class's claims

under the FLSA and Federal Rule of Civil Procedure 23. *Id.* ¶¶ 2, 3. Plaintiff also requests that this Court approve of the Settlement Notice and approve the proposed procedure and schedule for the final approval process. *Id.* ¶¶ 8, 9.[4]

However, upon careful review, the Court finds that the proposed Settlement Agreement does not comply with the requirements of the FLSA. First, Plaintiff has failed to request that this Court conditionally certify a FLSA collective action. Second, the proposed Settlement Agreement and Notice do not reflect the "opt in" requirements of the FLSA.

**A. Collective Action**

"Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b)." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008). Section 216(b) provides, in relevant part, as follows:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b); *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (district courts have "discretion [] in appropriate cases" to implement Section 216(b) "by facilitating notice to potential plaintiffs.").

---

[4] Plaintiff also requests that the Court preliminarily approve Plaintiff as a class representative, preliminarily approve Goodley McCarthy LLC and Goodley Law LLC as Class Counsel, preliminarily approve RG2 Claims Administration as a Settlement Administrator, preliminarily approve the Settlement Administrator's costs of administration, in an amount not to exceed $6,000. Because the parties may file a new Motion with an amended Settlement Agreement and Notice, which may in turn change some aspects of this Settlement Agreement and Notice, this Court does not decide these parts of the Motion.

An FLSA collective may not be certified under Federal Rule of Civil Procedure 23. "'The statutory requirements of a collective action are independent of, and unrelated to, the requirements for class action under Rule 23.'" *Haskett v. Uber Techs., Inc.*, 780 F. App'x 25, 27 (4th Cir. 2019) (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1112 (9th Cir. 2018)); *see also Thompson v. Applied Staff Augmentation Partners, Inc.*, 2019 WL 5680913, at *1 (W.D.N.C. Oct. 31, 2019) ("The Fourth Circuit has also acknowledged the distinction between class actions under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b)[.]"). In "hybrid" actions, in which a Rule 23 class and a FLSA collective are proceeding in the same action, courts must certify each group under its respective rule. *See, e.g.*, *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 676 (D. Md. 2011); *Shaver v. Gills Eldersburg, Inc.*, No. 14-cv-3977-JMC, 2016 WL 1625835, at *3 (D. Md. Apr. 25, 2016).

Here, Plaintiff's Complaint was styled as a "class and collective action complaint" and asserted that Plaintiff brought his claims on behalf of several classes and sub-classes under both Section 216(b) and Rule 23. *See* ECF No. 1 ¶ 12. But this Motion does not request conditional certification of a collective under Section 216(b), nor is it clear to this Court which employees would constitute the putative Section 216(b) collective. In his Complaint, Plaintiff identified several classes and sub-classes under both Section 216(b) and Rule 23 and noted that Plaintiff "reserves the right to redefine the Classes[.]" *Id.* ¶ 13. However, a Settlement Agreement may not "confuse[] [a] collective action under 29 U.S.C. § 216(b) with a class action under Federal Rule of Civil Procedure 23." *Haskett*, 780 F. App'x at 27.

While Plaintiff may move to conditionally certify a Settlement Class under Federal Rule of Civil Procedure 23 for the state law claims, as he has done, he must separately move to

conditionally certify a collective action under Section 216(b) for the FLSA claim. He must also clearly state how the Section 216(b) collective is defined.

### B. Opt-In Procedures

Section 216(b) requires that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing . . . and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros*, 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)). "Plaintiffs may invoke § 216(b) to raise FLSA claims on behalf of similarly situated employees, but unnamed plaintiffs must affirmatively opt-in using a court approved form in order to join the case . . . In contrast, in class actions pursuant to Fed. R. Civ. P. 23(b)(3), plaintiffs must affirmatively opt-out in order to be excluded from the class and not bound by the court's decisions." *Butler*, 800 F. Supp. 2d at 673.

While there are differences between the opt-out requirements of Federal Rule of Civil Procedure 23 and the opt-in requirements of Section 216(b), many courts allow "hybrid" actions to go forward: "an action could combine a Rule 23 class action and § 216(b) collective action and remain consistent with the regime Congress established in the FLSA." *Butler*, 800 F. Supp. 2d at 674 (citing *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 977 (7th Cir. 2011)); *see also Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 248 (2d Cir. 2011) ("[O]ur sister circuits in the Seventh, Ninth, and District of Columbia Circuits all have determined that supplemental jurisdiction is appropriate over state labor law class claims in an action where the court has federal question jurisdiction over FLSA claims in a collective action[.]").

A hybrid settlement agreement does not mean that the opt-in requirements of Section 216(b) are disregarded, however. "[Section 216(b)] allows as class members only those who 'opt

7

in.'" *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975); *see also Haskett*, 780 F. App'x at 27 ("Actions under § 216 and Rule 23 'are mutually exclusive and irreconcilable.'") (quoting *LaChapelle*, 513 F.2d at 289)). District courts will deny preliminary approval to an FLSA settlement when the proposed settlement only includes opt-out procedures. *See, e.g.*, *Marichal v. Attending Home Care Servs., LLC*, 432 F. Supp. 3d 271, 284 (E.D.N.Y. 2020) (denying preliminary approval because "[t]he mechanism proffered in the Agreement has the case operate like a class action, which this is not, and be inconsistent with the opt-in process required for a collective action."); *see also Khanna v. Inter-Con Sec. Sys., Inc.*, 2012 WL 4465558, at *2 (E.D. Cal. Sept. 25, 2012) ("[C]ourts have held that employees cannot use opt-out class actions to enforce the FLSA, but rather must bring a collective action. And despite the differences in the two types of actions and the potential for confusion, courts have held that employees may pursue a 'hybrid' or combined opt-in FLSA action and opt-in class action to enforce state wage and hour laws.").

Settling parties must take care that the Settlement Agreement and Notice reflect and carefully explain the hybrid nature of the claims. *See, e.g.*, *Shaver*, 2016 WL 1625835, at *1 (granting preliminary approval to a settlement agreement when "[t]he payment structure reflects the hybrid nature of Plaintiffs' Amended Complaint and the different procedures governing Rule 23 class actions and FLSA collective actions."); *Edelen*, 2013 WL 3816986, at *2 ("The consideration offered in exchange reflects the hybrid nature of [the] amended complaint and the different procedures governing Rule 23 class actions and FLSA collective actions"); *Tijero v. Aaron Bros., Inc.*, 2013 WL 60464, at *7 (N.D. Cal. Jan. 2, 2013) (rejecting a proposed settlement agreement as violating the FLSA because it did not seek to conditionally certify a

Section 216(b) collective, the claims release was overly broad, and the settlement did not provide for any opt-in procedures).

Finally, the Settlement Agreement and Notice must also clearly explain which claims potential plaintiffs are releasing by virtue of opting in, opting out, or doing nothing in regard to the proposed Settlement. *See e.g., Khanna*, 2012 WL 4465558, at *13 ("To avoid confusion in an opt-in/opt-out hybrid action, a carefully worded . . . class notice must be prepared.") (internal quotations and citations omitted); *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 132 (D. Colo. 2016*)* (parties must "ensur[e] that the Notice to Class Members and the claim forms conspicuously state the differences between federal and state law claims, describe what federal rights the claimants are releasing by returning the claim form, and stat[e] clearly that the federal claims for which release would be given upon the filing of a claim[.]"); *Stephens*, 329 F.R.D. at 489 (finding that a proposed release was fair and reasonable because "[e]ligible [employees] were given clear notice of their right to affirmatively join the collective action and the consequences for not doing so, and the notice of settlement again informs those individuals of what they must do in order to preserve their FLSA claims.").[5]

Here, the proposed Settlement Agreement as structured is a pure opt-out scheme though it purports to also settle violations of the FLSA on behalf of a group. *See* ECF No. 8-6 at 3.

---

[5] Issues sometimes arise with the scope of release clauses in hybrid settlement agreements. "Courts have questioned whether the extinguishment of FLSA claims through a Rule 23 class action indirectly contravenes the opt-in requirements under 29 U.S.C. § 216(b)." *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 132 (D. Colo. 2016). While the Fourth Circuit has not ruled on this issue, some courts have decided that "normal res judicata principles apply in hybrid FLSA/Rule 23 collective/class actions, thus binding non-opt-out Rule 23 Class Members who do not specifically opt-in to the release of FLSA claims to the ultimate judgment[.]" *Id.* at 132; *see also Stephens v. Farmers Rest. Grp.*, 329 F.R.D. 476, 489 (D.D.C. 2019) (collecting cases to show that "some courts have found that these releases are incompatible with the requirements of the FLSA" but that other courts "find[] it senseless to categorically preclude a settlement agreement" on these grounds).

This Court does not need to delve more deeply into this issue now, beyond explaining that a Settlement Agreement and the Notice should clearly explain the hybrid nature of the action and which claims are being released by potential plaintiffs by virtue of action or inaction.

Putative members would be bound by the Settlement Agreement unless they opt-out, and there is no process for submitting opt-in claims. The proposed Notice also describes the Settlement as one that includes FLSA and state law claims but states that a putative plaintiff is bound unless he or she decides to opt-out of the Settlement. ECF No. 8-3 at 2. The Notice states that a putative plaintiff "must send a letter requesting exclusion" if he or she does not want to participate. *Id.* at 3. Finally, the Notice also says that putative plaintiffs will "release all claims prior to June 20, 2021 relating to the Class Members' alleged unpaid overtime under the federal Fair Labor Standards Act and Maryland wage and hour laws" if the potential plaintiff chooses not to opt-out. *Id.* at 5.

The proposed Settlement Agreement and Notice do not conform with the requirements of the FLSA. While courts allow creative ways of satisfying the requirements of hybrid actions, parties must be careful to still meet FLSA's "opt-in" requirements. *See, e.g.*, *Shaver*, 2016 WL 1625835, at *1 ("In the event that a potential class member neither opts-in to the FLSA collective by submitting the claim form, nor opts-out of the Rule 23 state law class by submitting the opt-out form, that member will receive a portion of the settlement distribution he would be entitled to under the distribution formula. By virtue of his failure to opt-out of the Rule 23 state law class, a member in this category is deemed only to release his state law wage-and-hour claims against Defendants."); *Edelen*, 2013 WL 3816986, at *2 ("With respect to the FLSA claims, those members of the proposed collective class who sign or endorse their settlement checks from Defendants will be deemed to have agreed to (1) joining the FLSA collective action and (2) releasing their FLSA claims[.]").

In summary, should the parties choose to move forward with a hybrid settlement agreement, Plaintiff must file a new Motion for Preliminary Approval and proposed Settlement Agreement and Notice with the following amendments:

1. The Motion must clearly state if the parties intend to conditionally certify a collective action under Section 216(b) and which employees comprise that group.

2. The proposed Settlement Agreement must provide for an opt-in procedure by which potential FLSA opt-in plaintiffs may affirmatively consent to the settlement.

3. The proposed Notice or Notices must explain the hybrid nature of the Settlement Agreement, explain the differences between the federal and state law claims, and clarify the release of claims for both the Rule 23 class and the Section 216(b) collective.

### IV.  CONCLUSION

For the reasons above, the Motion is denied. The denial is without prejudice to the filing of a renewed motion that addresses the deficiencies discussed. A separate order follows.


Dated:  December 10, 2021                              /s/_____
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge