# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES CURTIS, individually and on behalf of all persons similarly situated,

    Plaintiff,

v.

GENESIS ENGINEERING SOLUTIONS, INC.

    Defendant.

CIVIL ACTION NO.: 8:21-722-GJH

Class and Collective Action

Jury Trial Demanded

## CLASS ACTION SETTLEMENT AGREEMENT

The Parties (defined below) hereby **STIPULATE** and **AGREE** that the Action (defined below) is settled pursuant to the following terms and conditions and subject to judicial approval:

**1. Definitions.**

"**Action**" means the above-captioned Civil Action, No. 8:21-722, pending in the U.S. District Court for the District of Maryland.

"**Administrator**" means RG2 Claims Administration LLC.

"**Agreement**" means this Class Action Settlement Agreement.

"**Class Counsel**" Goodley Law LLC ("GL") and Goodley McCarthy LLC ("GM").

"**Class Members**" means collectively, members of Settlement Class, as listed on Exhibit A.

"**Court**" means the United States District Court for the District of Maryland.

"**Defendant**" means Genesis Engineering Solutions, Inc.

"**Defense Counsel**" means Andrew P. Hallowell of Pargament & Hallowell, PLLC.

"**Effective Date**" means (i) 35 calendar days after the Court enters an order granting final approval of the Settlement and dismissing the Actions or (ii) if final approval is appealed and upheld, 3 business days after all avenues for appellate review are exhausted.

"**Final Approval Date**" means the date on which the Court enters the anticipated order finally certifying the classes/collective for settlement purposes and finally approving the Settlement.

"**Maximum Settlement Amount**" means one hundred thousand dollars ($100,000.00).

"**Named Plaintiff Released Claims**" means all claims known or unknown, suspected or unsuspected, that Named Plaintiff had, now has, or may hereafter claim to have had against the Released Parties arising out of, or relating in any way to, their engagement with, work for, or termination of their engagement with the Released Parties, arising or accruing from the beginning of time up through the earlier of June 20, 2021 or the Preliminary Approval Date, including, but not limited to, any claims under the Age Discrimination in Employment Act ("ADEA"). Notwithstanding the foregoing sentence, the waiver of ADEA claims shall be limited to any claims arising on or prior to the date the Named Plaintiff executes this Agreement. The Named Plaintiff acknowledges that he has been advised to consult with an attorney prior to executing this Agreement.

"**Named Plaintiff**" means James Curtis.

"**Net Settlement Amount**" means the Maximum Settlement Amount minus approved Class Counsel Fees, Costs, Administration Costs and Service Awards.

"**Maryland Wage and Hour Released Claims**" means all claims arising prior to the earlier of June 20, 2021 or the Preliminary Approval Date relating to the Class Members' alleged claims for unpaid overtime pay, penalties, back pay damages, consequential damages, liquidated damages, costs, expenses and attorneys' fees, that were or could have been asserted under state or federal law, including, but not limited to, under the Maryland Wage and Hour Law ("MWHL"), the Maryland Wage Payment and Collection Law ("MWPCL"), and any claims derived from any alleged failure to pay the prevailing regular rate under the Service Contract Act ("SCA"), in the Action.

"**Notice Form**" means the document attached as Exhibit 1.

"**Parties**" means Plaintiff and Defendant.

Doc ID: 835546fa45827a86a20f83af3b0edb435581739b

"**Preliminary Approval Date**" means the date on which the Court enters the anticipated order preliminarily certifying the class/collective for settlement purposes and preliminarily approving the Settlement.

"**Released Parties**" means Defendant, its present, former and/or future parent companies, subsidiaries, divisions, affiliates that are owned (either directly or indirectly, in whole or in part) by Defendant, units, officers, directors, shareholders, representatives, predecessors, licensees, successors, insurers, agents, partners, principals, assigns, attorneys, employees, distributors, and all persons acting through, under or in concert with them, together with each of their respective heirs, successors and assigns.

2. **Failure to Obtain Court Approval**: If the Settlement is not approved by the Court, it will be null and void, and the Parties will return to the *status quo ante*. During the remainder of the litigation, the Parties will be prohibited from relying on any negotiations, papers, or orders (including any class/collective certification order) pertaining to or resulting from the Settlement.

3. **Defendant's Payment Obligation.** Defendant's payment under this Settlement is the Maximum Settlement Amount, plus any payroll taxes/withholdings ordinarily borne by employers.

4. **Allocation of Settlement Funds.** The Net Settlement Amount will be allocated amongst the Class Members as shown on Exhibit A.

5. **Class Member Releases.** Upon the Effective Date, Class Members who do not timely opt out release and forever discharge the Released Parties from the Maryland Wage and Hour Released Claims, up to the earlier of June 20, 2021 or the Preliminary Approval Date. Upon the Effective Date, as stated on the back of the check, only those Class Members who sign and deposit their checks within the time frame permitted by this Agreement will release their claims under the Fair Labor Standards Act.

6. **Notice of the Settlement.** Within fifteen (15) calendar days after the execution of this Agreement, Defendant will provide Class Counsel and the Administrator with an Excel

3

Doc ID: 835546fa45827a86a20f83af3b0edb435581739b

spreadsheet listing the social security number and last known residential address for each Class Member. On or before thirty (30) calendar days after the Preliminary Approval Date, the Administrator will mail to each Class Member a package containing the applicable Notice Form. If the post office returns any package to the Administrator with a forwarding address, the Administrator will promptly re-mail the package to the forwarding address. If the post office returns any package to the Administrator without a forwarding address, the Administrator will work diligently to obtain an updated address and will promptly mail the package to any updated address. The Administrator will prepare a sworn declaration describing the notice process. Class Counsel will file this declaration with the Court along with any other papers seeking final approval of the Settlement. Defendant shall notify the appropriate State official in Maryland and the appropriate Federal official of the proposed settlement within ten days of Plaintiffs' filing of the Motion for Preliminary Approval pursuant to 28 U.S.C. § 1715(b).

7. **Objections to the Settlement.** Any Class Members desiring to object to the settlement must do so in writing. Objections must be mailed to the Administrator pursuant to the instructions in the Notice Form and must be postmarked by forty-five (45) days after the Administrator mails the Notice Forms. The Administrator will attach all objections to the declaration described in Paragraph 7 above.

8. **Opt-Outs.** If 10% or more of the members of the Class Members opt out of the Settlement, Defendant shall have the unilateral right in its sole and absolute discretion to void the settlement of all three cases in their entirety. The parties agree they will not encourage any class members to opt out of the Settlement.

9. **Payments to Class/Collective Members.** On or before seven (7) calendar days after the date the Court enters an order granting Preliminary Approval of the Settlement, Defendant will transfer to the Administrator a payment in the amount of $100,000.00 (the Maximum Settlement Amount), plus the amount, as determined by the Administrator, necessary to cover any payroll taxes/withholdings ordinarily borne by employers.

4

10. On or before twenty one (21) calendar days after the Effective Date, the Administrator will issue to each Class/Collective Members two separate checks as follows:

(i) a payroll check representing 50% of the pro-rata share of the Net Settlement Amount from which the Administrator will deduct all applicable taxes and withholdings and for which the Administrator will issue an IRS W-2 Form and (ii) a non-payroll check representing 50% of the pro-rata share of the Net Settlement Amount which will be free of any taxes or withholdings and for which the Administrator will issue an IRS 1099 Form.

The Administrator will mail these checks and tax forms to the last known address for each Class/Collective Member. If the post office returns any checks to the Administrator with a forwarding address, the Administrator will promptly re-mail the checks to the forwarding address. If the post office returns any checks to the Administrator without a forwarding address, the Administrator will work diligently to obtain an updated address and will promptly re-mail the checks to any updated address. All settlement checks will bear an expiration date falling 150 calendar days after the Effective Date.

11. *Cy Pres*. To the extent there are any payments made to Class Members that remain uncashed after one hundred and fifty (150) days after the initial mailing of the checks, the Settlement Administrator shall pay all such uncashed payments to *cy pres*, to Washington Lawyers' Committee For Civil Rights and Urban Affairs, to be approved by the Court.

12. **Payment to Class Counsel**. Class Counsel will request that the Court approve the payment to Class Counsel of $27,000.00 in attorneys' fees. The Administrator will pay any Court-approved fees to Class Counsel on or before twenty one (21) calendar days after the Effective Date and will issue to Class Counsel IRS 1099 Forms as required.

13. **Administration Costs**. Class Counsel will request that the Court approve the payment to the Administrator of up to $6,000.00 in settlement administration costs.

5

Doc ID: 835546fa45827a86a20f83af3b0edb435581739b

14. **Service Awards.** Class Counsel will request that the Court approve a service award of $5,000.00 to Named Plaintiff. The Administrator will pay any Court-approved service awards on or before twenty one (21) calendar days after the Effective Date and will issue to Named Plaintiff an IRS 1099 Form as required.

(a) **Named Plaintiff Release**. In consideration for the service award approved by the Court, Named Plaintiff agrees to a complete and general release of the Named Plaintiff Released Claims. The award of a service award is a condition precedent to Named Plaintiffs' complete and general release. If the Court does not award any service award to a Named Plaintiff, then the Named Plaintiffs and Defendant agree this complete and general release is void. (In such a case, however, the Named Plaintiff would still be bound by the applicable Class Member Release.) Named Plaintiff knowingly and voluntarily releases and forever discharges Released Parties to the full extent permitted by law, of and from the Named Plaintiff Released Claims. Named Plaintiff acknowledges that he later may discover facts different from or in addition to those he now knows or believes to be true regarding the matters released or described in this Settlement Agreement; even if they do so, Named Plaintiff agrees that the releases and agreements contained in this Settlement Agreement shall remain effective in all respects notwithstanding any later discovery of any different or additional facts. The Named Plaintiff is hereby advised to consult with an attorney prior to executing this Agreement.

15. **Dismissal with Prejudice**. Upon the Court's final approval of this Settlement, the Actions will be dismissed with prejudice in their entirety. The Parties will request that the Court retain jurisdiction to enforce this Agreement.

16. **No Representations.** In entering into this Settlement, no Party relies on any statements, representations, or promises not described in this Agreement.

17. **Consent.** Each Party has carefully read and understands this Agreement and has received independent legal advice with respect to the Agreement.

Doc ID: 835546fa45827a86a20f83af3b0edb435581739b

18. **Successors.** This Agreement will inure to the benefit of and be binding upon each Party's heirs, successors, and assigns.

19. **No Assignments.** No Party has assigned or transferred, or purported to assign or transfer, to any other person or entity any rights or interests pertaining to the Actions or Settlement.

20. **No Presumptions.** In interpreting this Agreement, there will not be any presumption of interpretation against any Party.

21. **No Admissions and No Prevailing Party.** This Agreement is the result of a compromise between the Parties for the sole purpose of resolving the Actions and avoiding the time and expense of further litigation. Nothing in this Agreement constitutes an admission by any Released Party of liability or the propriety of class certification in the Actions. Nothing herein may be construed or used as an admission or as evidence of the validity of any claim against any Released Party.

22. **Tax Liability.** Defendant, Released Parties, Defense Counsel, and Class Counsel make no representations as to the tax treatment or legal effect of the payments called for under this Agreement. Class Counsel and Class/Collective Members will be solely responsible for the payment of any taxes and penalties assessed on their own payments described in this Agreement.

23. **Duty to Defend.** The Parties will support the Agreement's approval and enforcement and will defend the Agreement from any legal challenge.

24. **Warranty of Authority.** Each signatory below warrants and represents that he or she is competent and authorized to enter into this Agreement on behalf of the Party for whom he or she purports to sign.

25. **Disputes; Applicable Law.** This Agreement will be governed, enforced, and interpreted according to the law of the Maryland. The Parties agree that the Court may retain jurisdiction over enforcement of the Settlement Agreement.

Doc ID: 835546fa45827a86a20f83af3b0edb435581739b

26. **Execution.** This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: 01 / 12 / 2022

_____
James Curtis

Dated: 1/12/2022

Robert Rashford
Genesis Engineering Solutions, Inc.

Approved as to form only:

Dated: 01 / 12 / 2022

_____
For Goodley Law LLC

Dated: 01 / 12 / 2022

_____
For Goodley McCarthy LLC

Dated: 1/12/2022

_Andrew P. Hallowell_
For Pargament & Hallowell, PLLC

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES CURTIS, individually and on behalf of all persons similarly situated, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: 8:21-722-GJH |
| v. | : : | Class and Collective Action |
| GENESIS ENGINEERING SOLUTIONS, INC. | : : : : | Jury Trial Demanded |
| Defendant. | : | |

## CLASS ACTION SETTLEMENT AGREEMENT

The Parties (defined below) hereby **STIPULATE** and **AGREE** that the Action (defined below) is settled pursuant to the following terms and conditions and subject to judicial approval:

1. **Definitions**.

"**Action**" means the above-captioned Civil Action, No. 8:21-722, pending in the U.S. District Court for the District of Maryland.

"**Administrator**" means RG2 Claims Administration LLC.

"**Agreement**" means this Class Action Settlement Agreement.

"**Class Counsel**" Goodley Law LLC ("GL") and Goodley McCarthy LLC ("GM").

"**Class Members**" means collectively, members of Settlement Class, as listed on Exhibit A.

"**Court**" means the United States District Court for the District of Maryland.

"**Defendant**" means Genesis Engineering Solutions, Inc.

"**Defense Counsel**" means Andrew P. Hallowell of Pargament & Hallowell, PLLC.

"**Effective Date**" means (i) 35 calendar days after the Court enters an order granting final approval of the Settlement and dismissing the Actions or (ii) if final approval is appealed and upheld, 3 business days after all avenues for appellate review are exhausted.

"**Final Approval Date**" means the date on which the Court enters the anticipated order finally certifying the classes/collective for settlement purposes and finally approving the Settlement.

"**Maximum Settlement Amount**" means one hundred thousand dollars ($100,000.00).

"**Named Plaintiff Released Claims**" means all claims known or unknown, suspected or unsuspected, that Named Plaintiff had, now has, or may hereafter claim to have had against the Released Parties arising out of, or relating in any way to, their engagement with, work for, or termination of their engagement with the Released Parties, arising or accruing from the beginning of time up through the earlier of June 20, 2021 or the Preliminary Approval Date, including, but not limited to, any claims under the Age Discrimination in Employment Act ("ADEA"). Notwithstanding the foregoing sentence, the waiver of ADEA claims shall be limited to any claims arising on or prior to the date the Named Plaintiff executes this Agreement. The Named Plaintiff acknowledges that he has been advised to consult with an attorney prior to executing this Agreement.

"**Named Plaintiff**" means James Curtis.

"**Net Settlement Amount**" means the Maximum Settlement Amount minus approved Class Counsel Fees, Costs, Administration Costs and Service Awards.

"**Maryland Wage and Hour Released Claims**" means all claims arising prior to the earlier of June 20, 2021 or the Preliminary Approval Date relating to the Class Members' alleged claims for unpaid overtime pay, penalties, back pay damages, consequential damages, liquidated damages, costs, expenses and attorneys' fees, that were or could have been asserted under state or federal law, including, but not limited to, under the Maryland Wage and Hour Law ("MWHL"), the Maryland Wage Payment and Collection Law ("MWPCL"), ~~the Fair Labor Standards Act ("FLSA"),~~ and any claims derived from any alleged failure to pay the prevailing regular rate under the Service Contract Act ("SCA"), in the Action.

"**Notice Form**" means the document attached as Exhibit 1.

"**Parties**" means Plaintiff and Defendant.

2

**"Preliminary Approval Date"** means the date on which the Court enters the anticipated order preliminarily certifying the class/collective for settlement purposes and preliminarily approving the Settlement.

**"Released Parties"** means Defendant, its present, former and/or future parent companies, subsidiaries, divisions, affiliates that are owned (either directly or indirectly, in whole or in part) by Defendant, units, officers, directors, shareholders, representatives, predecessors, licensees, successors, insurers, agents, partners, principals, assigns, attorneys, employees, distributors, and all persons acting through, under or in concert with them, together with each of their respective heirs, successors and assigns.

2. **Failure to Obtain Court Approval**: If the Settlement is not approved by the Court, it will be null and void, and the Parties will return to the *status quo ante*. During the remainder of the litigation, the Parties will be prohibited from relying on any negotiations, papers, or orders (including any class/collective certification order) pertaining to or resulting from the Settlement.

3. **Defendant's Payment Obligation**. Defendant's payment under this Settlement is the Maximum Settlement Amount, plus any payroll taxes/withholdings ordinarily borne by employers.

4. **Allocation of Settlement Funds**. The Net Settlement Amount will be allocated amongst the Class Members as shown on Exhibit A.

5. **Class Member Releases**. Upon the Effective Date, Class Members who do not timely opt out release and forever discharge the Released Parties from the Maryland Wage and Hour Released Claims, up to the earlier of June 20, 2021 or the Preliminary Approval Date. Upon the Effective Date, as stated on the back of the check, only those Class Members who sign and deposit their checks within the time frame permitted by this Agreement will release their claims under the Fair Labor Standards Act.

6. **Notice of the Settlement.** Within fifteen (15) calendar days after the execution of this Agreement, Defendant will provide Class Counsel and the Administrator with an Excel

spreadsheet listing the social security number and last known residential address for each Class Member. On or before thirty (30) calendar days after the Preliminary Approval Date, the Administrator will mail to each Class Member a package containing the applicable Notice Form. If the post office returns any package to the Administrator with a forwarding address, the Administrator will promptly re-mail the package to the forwarding address. If the post office returns any package to the Administrator without a forwarding address, the Administrator will work diligently to obtain an updated address and will promptly mail the package to any updated address. The Administrator will prepare a sworn declaration describing the notice process. Class Counsel will file this declaration with the Court along with any other papers seeking final approval of the Settlement. Defendant shall notify the appropriate State official in Maryland and the appropriate Federal official of the proposed settlement within ten days of Plaintiffs' filing of the Motion for Preliminary Approval pursuant to 28 U.S.C. § 1715(b).

7. **Objections to the Settlement.** Any Class Members desiring to object to the settlement must do so in writing. Objections must be mailed to the Administrator pursuant to the instructions in the Notice Form and must be postmarked by forty-five (45) days after the Administrator mails the Notice Forms. The Administrator will attach all objections to the declaration described in Paragraph 7 above.

8. **Opt-Outs.** If 10% or more of the members of the Class Members opt out of the Settlement, Defendant shall have the unilateral right in its sole and absolute discretion to void the settlement of all three cases in their entirety. The parties agree they will not encourage any class members to opt out of the Settlement.

9. **Payments to Class/Collective Members**. On or before seven (7) calendar days after the date the Court enters an order granting Preliminary Approval of the Settlement, Defendant will transfer to the Administrator a payment in the amount of $100,000.00 (the Maximum Settlement Amount), plus the amount, as determined by the Administrator, necessary to cover any payroll taxes/withholdings ordinarily borne by employers.

10. On or before twenty one (21) calendar days after the Effective Date, the Administrator will issue to each Class/Collective Members two separate checks as follows:

(i) a payroll check representing 50% of the pro-rata share of the Net Settlement Amount from which the Administrator will deduct all applicable taxes and withholdings and for which the Administrator will issue an IRS W-2 Form and (ii) a non-payroll check representing 50% of the pro-rata share of the Net Settlement Amount which will be free of any taxes or withholdings and for which the Administrator will issue an IRS 1099 Form.

The Administrator will mail these checks and tax forms to the last known address for each Class/Collective Member. If the post office returns any checks to the Administrator with a forwarding address, the Administrator will promptly re-mail the checks to the forwarding address. If the post office returns any checks to the Administrator without a forwarding address, the Administrator will work diligently to obtain an updated address and will promptly re-mail the checks to any updated address. All settlement checks will bear an expiration date falling 150 calendar days after the Effective Date.

11. *Cy Pres*. To the extent there are any payments made to Class Members that remain uncashed after one hundred and fifty (150) days after the initial mailing of the checks, the Settlement Administrator shall pay all such uncashed payments to *cy pres*, to Washington Lawyers' Committee For Civil Rights and Urban Affairs, to be approved by the Court.

12. **Payment to Class Counsel**. Class Counsel will request that the Court approve the payment to Class Counsel of $27,000.00 in attorneys' fees. The Administrator will pay any Court-approved fees to Class Counsel on or before twenty one (21) calendar days after the Effective Date and will issue to Class Counsel IRS 1099 Forms as required.

13. **Administration Costs**. Class Counsel will request that the Court approve the payment to the Administrator of up to $6,000.00 in settlement administration costs.

**14.** **Service Awards.**  Class Counsel will request that the Court approve a service award of $5,000.00 to Named Plaintiff.  The Administrator will pay any Court-approved service awards on or before twenty one (21) calendar days after the Effective Date and will issue to Named Plaintiff an IRS 1099 Form as required.

(a) **Named Plaintiff Release**.  In consideration for the service award approved by the Court, Named Plaintiff agrees to a complete and general release of the Named Plaintiff Released Claims.  The award of a service award is a condition precedent to Named Plaintiffs' complete and general release.  If the Court does not award any service award to a Named Plaintiff, then the Named Plaintiffs and Defendant agree this complete and general release is void.  (In such a case, however, the Named Plaintiff would still be bound by the applicable Class Member Release.) Named Plaintiff knowingly and voluntarily releases and forever discharges Released Parties to the full extent permitted by law, of and from the Named Plaintiff Released Claims.  Named Plaintiff acknowledges that he later may discover facts different from or in addition to those he now knows or believes to be true regarding the matters released or described in this Settlement Agreement; even if they do so, Named Plaintiff agrees that the releases and agreements contained in this Settlement Agreement shall remain effective in all respects notwithstanding any later discovery of any different or additional facts.  The Named Plaintiff is hereby advised to consult with an attorney prior to executing this Agreement.

**15.** **Dismissal with Prejudice**.  Upon the Court's final approval of this Settlement, the Actions will be dismissed with prejudice in their entirety.  The Parties will request that the Court retain jurisdiction to enforce this Agreement.

**16.** **No Representations**.  In entering into this Settlement, no Party relies on any statements, representations, or promises not described in this Agreement.

**17.** **Consent**.  Each Party has carefully read and understands this Agreement and has received independent legal advice with respect to the Agreement.

18.     **Successors**.  This Agreement will inure to the benefit of and be binding upon each Party's heirs, successors, and assigns.

19.     **No Assignments**.  No Party has assigned or transferred, or purported to assign or transfer, to any other person or entity any rights or interests pertaining to the Actions or Settlement.

20.     **No Presumptions.**  In interpreting this Agreement, there will not be any presumption of interpretation against any Party.

21.     **No Admissions and No Prevailing Party**.  This Agreement is the result of a compromise between the Parties for the sole purpose of resolving the Actions and avoiding the time and expense of further litigation.  Nothing in this Agreement constitutes an admission by any Released Party of liability or the propriety of class certification in the Actions.  Nothing herein may be construed or used as an admission or as evidence of the validity of any claim against any Released Party.

22.     **Tax Liability**.  Defendant, Released Parties, Defense Counsel, and Class Counsel make no representations as to the tax treatment or legal effect of the payments called for under this Agreement.  Class Counsel and Class/Collective Members will be solely responsible for the payment of any taxes and penalties assessed on their own payments described in this Agreement.

23.     **Duty to Defend**.  The Parties will support the Agreement's approval and enforcement and will defend the Agreement from any legal challenge.

24.     **Warranty of Authority**.  Each signatory below warrants and represents that he or she is competent and authorized to enter into this Agreement on behalf of the Party for whom he or she purports to sign.

25.     **Disputes; Applicable Law**.  This Agreement will be governed, enforced, and interpreted according to the law of the Maryland.  The Parties agree that the Court may retain jurisdiction over enforcement of the Settlement Agreement.

**THIS SPACE IS INTENTIONALLY LEFT BLANK**

**26.** <u>**Execution**</u>.  This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____  _____
James Curtis

Dated: _____  _____
Genesis Engineering Solutions, Inc.

Approved as to form only:

Dated: _____  _____
For Goodley Law LLC

Dated: _____  _____
For Goodley McCarthy LLC

Dated: _____  _____
For Pargament & Hallowell, PLLC