**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

|   |   |
|---|---|
| **JAMES CURTIS, *et al.*,** <br>     **Plaintiffs,** <br> <br> v. <br> <br> **GENESIS ENGINEERING SOLUTIONS, INC.,** <br>     **Defendant.** | * <br> * <br> * <br> *     Case No.: GJH-21-722 <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff James Curtis brings the second consent Motion for Preliminary Approval of a Settlement Agreement that purports to settle claims on behalf of himself and potential classes against Defendant Genesis Engineering Solutions, Inc. ECF No. 13. The proposed Settlement Agreement settles various wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), the Maryland Wage and Hour Law, Md. Code. Ann., Lab. & Empl. § 3-415(a), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-502. ECF No. 13-1. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court denied preliminary approval without prejudice to an earlier version of the proposed settlement. *See* ECF No. 10. Because the revised version of the Settlement Agreement addresses all the previously identified deficiencies, the Motion is now granted.

I.      **BACKGROUND**[1]

A more detailed background section is contained in this Court's previous memorandum denying approval. ECF No. 9.[2] Thus, this Court only repeats background as relevant here. Defendant Genesis is a Delaware corporation headquartered in Maryland that provides aerospace design and engineering services for NASA. ECF No. 1 ¶¶ 4, 5. Plaintiff Curtis worked as a Procurement Specialist for Defendant on federally-funded service contracts from June 2019 until February 2021. *Id.* ¶ 3. Over the years, Plaintiff received various promotions and raises, but at no time did he receive a salary. *Id.* ¶ 22. He often worked between 50 and 60 hours a week and did not receive overtime pay. *Id.* ¶ 21.

Plaintiff filed the Complaint on March 22, 2021. ECF No. 1. He brought claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Maryland wage and hour laws, Md. Code Ann., Lab. & Empl. § 3-415(a) ("MWHL"), and Md. Code, Lab. & Empl. Art., § 3-502 ("MWPCL"). Plaintiff brought the claims on behalf of himself, on behalf of potential FLSA collective action members, *see* 29 U.S.C. § 216(b), and on behalf of potential class members, *see* Fed. R. Civ. P. 23. The core of Plaintiff's claims is that he and other employees were unlawfully denied overtime compensation under both the FLSA and Maryland state wage laws.

On June 18, 2021, the parties jointly notified the Court that they were in the process of finalizing a Settlement Agreement. ECF No. 7. On July 2, 2021, Plaintiff filed a consent Motion for Preliminary Approval of Class Action Settlement. ECF No. 8. On December 10, 2021, the Court denied preliminary approval without prejudice. ECF No. 10. The Court explained that, because the settlement agreement is a "hybrid action," or one that purports to

---

[1] Unless otherwise noted, the facts are taken from the Complaint, ECF No. 1, and assumed to be true.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

settle both FLSA and state law wage claims on behalf of a group of employees, the settlement agreement and the associated notices must conform with requirements of both the FLSA and Federal Rule of Civil Procedure 23. ECF No. 9. The Court identified several deficiencies with the proposed Settlement Agreement and Notice and recommended amendments to cure them. *Id.* at 5, 11.

Plaintiff filed the second Motion for Preliminary Approval of a Class Action Settlement on January 17, 2022. ECF No. 13. In the Motion, Plaintiff requests that this Court preliminarily approve the Settlement Agreement; conditionally certify a settlement class under Federal Rule of Civil Procedure 23; preliminarily approve the settlement of the Rule 23 class's claims; conditionally certify an FLSA collective under Section 216(b); preliminarily approve the settlement of the FLSA collective's claim; preliminarily approve Plaintiff as representative of the Rule 23 class and the FLSA class; preliminarily approve Goodley McCarthy LLC and Goodley Law LLC as Class Counsel for the Rule 23 and the FLSA Class; preliminarily approve RG2 Claims Administration as Settlement Administrator; preliminary approve the Settlement Administrator's costs of claims administration, in an amount not to exceed $6,000; approve the revised Settlement Notices; and approve the proposed procedure and schedule for completing the final approval process. ECF No. 13 ¶¶ 1–11.

## II.     STANDARD OF REVIEW

"Whether to preliminarily approve a proposed class action settlement lies within the sound discretion of the district court." *Stephens v. Farmers Rest. Grp.*, 329 F.R.D. 476, 482 (D.D.C. 2019). "[T]here is an overriding public interest in favor of settlement, particularly in class action suits." *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). "When the parties are seeking class certification and settlement at the same time, however, the agreement requires

closer judicial scrutiny than settlements that are reached after class certification." *Stephens*, 329 F.R.D. at 482 (internal quotations and citations omitted); *see also* Manual for Complex Litigation (Fourth) § 21.612 (2004)). "Determinations of the appropriateness of [FLSA] conditional collective action certification and court-facilitated notice are left to the court's discretion." *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010); *see also Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."). In considering a motion for approval of a settlement agreement that purports to settle group claims under both the FLSA and state laws, the court examines whether the agreement satisfies the requirements of both the FLSA and Federal Rule of Civil Procedure 23. *See, e.g.*, *Edelen v. Am. Residential Servs.*, LLC, No. 11-cv-2744-DKC, 2013 WL 3816986, at *2 (D. Md. July 22, 2013).

### III. DISCUSSION

The Settlement Agreement seeks to settle FLSA and state wage claims for $100,000 on behalf of a Federal Rule of Civil Procedure 23 class and a FLSA Section 216(b) collective. *See* ECF No. 13-7 ("Settlement Agreement").[3] After deductions for attorney fees and litigation costs ($27,000), settlement administration costs ($6,000), and a service award to Plaintiff ($5,000), the remaining $62,000 is to be divided among members of the classes according to the number of

---

[3] The Court notes here that the Rule 23 class and the Section 216(b) collective are comprised of the same employees. There is nothing in the FLSA or in Rule 23 that forecloses the possibility of class members being part of two different classes. *See Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 978 (7th Cir. 2011) ("In the case before us, the Rule 23(b)(3) class and the federal collective action are each comprised of a set of employees asserting injuries under either state or federal law. Should either or both groups prevail on the merits, each group member will receive only the relief that is prescribed under the law governing her part of the case. Some may be part of both the FLSA group and the Rule 23 class; some may be in one but not the other. We conclude that there is nothing in the FLSA that forecloses these possibilities."). The difference between the two groups is that Section 216(b) collective members will not be deemed to be a part of the collective unless they take the affirmative step of opting into the action, as this Court discusses in Part B.

actual overtime hours worked. *See* ECF No. 13-1 at 6. Each class member will receive about 138% of the actual wages owed, assuming Defendant's liability under the FLSA and state wage laws. ECF No. 13-6 ¶ 12; *see also* ECF No. 13-1 at 6.

     As noted in the previous Memorandum Opinion, ECF No. 9, this action is a "hybrid" case. The parties aim to settle both state wage law claims and FLSA federal claims on behalf of a group of employees. Thus, this Court must use two separate standards for assessing whether it can conditionally certify the classes and grant preliminary approval. *See Alloways v. Cruise Web, Inc.*, No. 17-cv-2811-CBD, 2019 WL 1902813, at *4 (D. Md. Apr. 29, 2019) ("[T]he parties are resolving a 'hybrid wage-and-hour law case'. . . As a result, this Court must assess the request for final class certification under two separate standards."). "To preliminarily approve the parties' proposed settlement, the Court must find that the agreement satisfies the standards under both the FLSA and Rule 23[.]" *Starr v. Credible Behav. Health, Inc.*, No. 20-cv-2986-PJM, 2021 WL 2141542, at *4 (D. Md. May 26, 2021). "The factors governing court approval of settlements under Rule 23 and the FLSA are similar." *Winingear v. City of Norfolk*, 2014 WL 12526327, at *1 (E.D. Va. June 5, 2014). After granting preliminary approval, the Court must then hold a Final Fairness Hearing, "where arguments and evidence may be presented in support of, and in opposition to, the settlement." *Shaver v. Gills Eldersburg, Inc.*, No. 14-cv- 3977-JMC, 2016 WL 1625835, at *2 (D. Md. Apr. 25, 2016) (citing Fed. R. Civ. P. 23(e)).

     As discussed in more detail below, this Court finds that the proposed Settlement Agreement comports with the requirements of both Rule 23 and Section 216(b). In addition, the proposed Notices are also adequate and appropriate.

### A. Rule 23 Settlement Preliminary Approval

"A court's review of whether a proposed Rule 23 class action settlement is fair and reasonable is a two-step process. The first step is a determination of whether the settlement is 'within the range of possible approval' such that there is 'probable cause' to notify the class members of the proposed settlement." *Starr*, 2021 WL 2141542, at *5 (quoting *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994)). "At this initial stage, the Court must make 'a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms' and 'direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.'" *Id.* (quoting Manual for Complex Litigation § 21.632)." The second step, taken after this preliminary approval and notice, is a fairness hearing to determine whether the settlement is 'fair, reasonable, and adequate' for all class members and thus should receive final approval." *Id.* (quoting § 21.634); *see also Grice v. PNC Mortg. Corp. of Am.*, 97-cv-3084-PJM, 1998 WL 350581, at *2 (D. Md. May 21, 1998).

Thus, the Court must first determine whether it can preliminarily certify the Rule 23 class, and then it must determine whether it can grant preliminary approval to the Settlement Agreement.

#### 1. Preliminary Certification

To conditionally certify the class, this Court must confirm that the action comports with both Federal Rule of Civil Procedure 23(a) and 23(b). *See Starr*, 2021 WL 2141542, at *3 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619–20 (1997)); *see also Shaver*, 2016 WL 1625835, at *3 ("Where a class-wide settlement is presented for approval prior to class certification, there must also be a preliminary determination that the proposed settlement class

6

satisfies the prerequisites set forth in Federal Rule of Civil Procedure 23(a) and at least one of the subsections of Rule 23(b).").

Federal Rule of Civil Procedure 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The proposed Rule 23 settlement class is:

> All current or former employees of Genesis Engineering Solutions, Inc. ("GES"), in the job categories of Procurement Specialist, PCB Electronics Assembler, PWB Fabrication Lead, Cable Harness Assembler, Support Specialists and Technicians (and similar positions), who performed work for GES in Maryland and who were not paid overtime compensation at 150% of their applicable regular rate of pay for at least one workweek during the last three years[.]

ECF No. 13 at 1. According to documentation provided by Defendant, the class would comprise 39 members. *See* ECF No. 13-5; ECF No. 13-6 ¶ 5. Plaintiff contends that the settlement class can meet all four prongs (numerosity, commonality, typicality, and adequacy of representation).

"First, to meet the numerosity requirement, there must be a showing that the proposed class is so numerous that 'joinder of all members is impractical.'" *Starr*, 2021 WL 2141542, at *3 (quoting Fed. R. Civ. P. 23(a)). "The Fourth Circuit has held that a class with over 30 members generally satisfies this requirement." *Id.* (citing *Williams v. Henderson*, 129 F. App'x 806, 811 (4th Cir. 2005)). Here, there are 39 members. *See* ECF No. 13-6 ¶ 5. The Court finds that the settlement class meets the numerosity requirement.

"Next, commonality is met when the prospective class members share the same central facts and applicable law." *Starr*, 2021 WL 2141542, at *3 (citing *Cuthie v. Fleet Rsrv. Ass'n*, 743 F. Supp. 2d 486, 499 (D. Md. 2010)). Here, the class members all allegedly suffered the same injury: the unlawful denial of overtime wages in violation of the MWHL and the MWPCL. The class members also share the same central question: whether Defendant unlawfully exempted them from overtime requirements. Thus, the class meets the commonality requirement.

"Third, to meet the typicality requirement, the . . . claims need not be identical, but the claims or defenses must have arisen from the same course of conduct and must share the same legal theory." *Starr*, 2021 WL 2141542, at *3 (citing *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 498 (D. Md. 1998)). Here, Plaintiff Curtis's claim is for unpaid overtime, just like that of the settlement class.

"Finally, the adequacy-of-representation requirement centers on (1) class counsel's competency and willingness to prosecute the action and (2) whether any conflict of interest exists between the named parties and the class they represent." *Starr*, 2021 WL 2141542, at *3 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 288 (D. Md. 2008)). "Representation is adequate if the plaintiffs' attorneys are qualified and able to prosecute the action on behalf of the class." *Id.* This Court finds that representation is adequate. Based on the Declaration of James Goodley, Class Counsel is competent and willing to prosecute the action. *See* ECF No. 13-6 (Goodley Decl.). Class Counsel has experience in labor and employment litigation and has served as a lead or co-lead counsel in several complex wage and hour cases. *See id.* ¶¶ 20, 21. In addition, there is no conflict of interest, as the class members and Plaintiff's interests are aligned.

Having decided that Plaintiff can meet the requirements of Rule 23(a), this Court moves to the Rule 23(b) analysis. *See Starr*, 2021 WL 2141542, at *3 ("A proposed class must satisfy one of the three circumstances described in Rule 23(b)."). Plaintiff contends that class certification can meet the requirements of Rule 23(b)(3). Federal Rule of Civil Procedure 23(b)(3) provides:

> A class action may be maintained if Rule 23(a) is satisfied and if: … (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

"Where the purported class members were subject to the same harm resulting from the defendant's conduct and the 'qualitatively overarching issue' in the case is the defendant's liability, courts generally find the predominance requirement to be satisfied." *Starr*, 2021 WL 2141542, at *4 (citing *Stillmock v. Weis Mkts., Inc.*, 385 F. App'x 267, 273 (4th Cir. 2010)). This Court finds that the settlement class can meet the predominance requirement. The overarching issue is whether class members were unlawfully denied overtime pay.

As to the superiority requirement, a court must consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D); *see also Shaver*, 2016 WL 1625835, at *3. The Court finds that a class action is the superior method for adjudicating these claims. As Class Counsel attests, many of the individual claims are for small amounts. ECF No. 13-6 ¶ 13 ("The awards range from $11,567.96 on the high end to $12.72 on the very low end. The mean award is $1,447.52

and the median is $533.56."). There may be little incentive for class members to pursue individual litigation. A class action would be the most efficient method of enforcing the class members' claims. A class action will also conserve judicial resources. Thus, this requirement is met.

### 2. Preliminary Approval of the Settlement

This Court must look to factors in Rule 23(e)(2) to determine whether it can give preliminary approval to the Settlement Agreement. Rule 23(e)(2) provides that a court may find that a settlement is fair, reasonable, and adequate after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

"Preliminary approval should be granted when a proposed settlement is 'within the range of possible approval,' subject to further consideration after a final fairness hearing at which interested parties have had an opportunity to object." *Shaver*, 2016 WL 1625835, at *2 (quoting *Benway v. Res. Real Est. Servs., LLC*, No. 05-cv-3250-WMN, 2011 WL 1045597, at *4 (D. Md. Mar. 16, 2011)). This Court finds that the Settlement Agreement is fair, adequate, and reasonable, and thus gives preliminary approval to it.

First, Class Counsel representatives have adequately represented the class. Plaintiff and counsel reasonably decided that proceeding on a settlement track would be an efficient use of

resources. ECF No. 13-6 ¶ 10. Plaintiff and Counsel made a reasonable determination that resources expended may far outweigh any award. In addition, settlement negotiations were aided because Defendant's President and CEO, Robert Rashford, submitted payroll and timesheets to Plaintiff. *See id.* ¶ 6. Rashford has also submitted a Declaration to this Court that the payroll data submitted to Plaintiff was compete and accurate. *See* ECF No. 13-8. Thus, the parties were able to determine that roughly $45,000 in actual wages were owed to the 39 class members, assuming Defendant's liability. *See* ECF No. 13-6 ¶ 5.

The method for distributing relief is also fair and reasonable. A Settlement Class member needs only to cash or deposit the check to receive his or her share of the settlement. *See* ECF No. 13-7 ¶ 10. Defendant will provide the last known addresses for each class member. *Id.* Class members who choose to opt out may simply write to the Administrator within 45 days of the Notice mailing. *Id.* ¶ 7. Class members who do not opt out will be deemed to have released their claims under state law.[4] *Id.* ¶ 5. Defendant will assume its portion of payroll taxes for the taxable portion of the settlement. *Id.* ¶ 9.

In addition, the relief is adequate, and the class members are treated equitably relative to each other. The settlement amount will be apportioned based on the hourly wage rate and actual amount of unpaid overtime hours worked. *See* ECF No. 13-6 ¶¶ 5, 12. Class Counsel also analyzed damages under the MWHL and the MWPCL to determine likely damages if plaintiffs were to proceed with litigation. *See id.* ¶¶ 7, 8. Overall, settlement class members will receive about 138% of actual unpaid wages. *Id.* ¶ 12.

---

[4] In comparison, claims under the FLSA will not be released unless the putative member affirmatively opts in, as discussed in more detail in Part B. *See* ECF No. 13-7 ¶ 5.

The proposed attorneys' fee award is also reasonable, subject to further substantiation by Class Counsel's submission of timesheets and costs in the Motion for Final Approval. The Settlement Agreement provides for attorneys' fees of 27% of the common fund. ECF No. 13-7 ¶ 12. "In the Fourth Circuit, 'the percentage-of-recovery approach is not only permitted, but is the preferred approach to determine attorney's fees' in class actions." *Starr*, 2021 WL 2141542, at *5 (D. Md. May 26, 2021) (quoting *Savani v. URS Pro. Sols. LLC*, 121 F. Supp. 3d 564, 568 (D.S.C. 2015)). "A request for one-third of a settlement fund is common in this circuit and generally considered reasonable." *Id.* (citing *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 505 (M.D.N.C. 2018)); *see also Phillips v. Triad Guar. Inc.*, 2016 WL 2636289, at *6 (M.D.N.C. May 9, 2016) (collecting cases on percentage-of-recovery fee awards and finding that, generally, attorneys' fee awards between 25% and 33% are reasonable).

Class Counsel consists of two attorneys: James Goodley and Ryan McCarthy. Counsel claims that these two attorneys have spent 64.6 hours on the case already and believes that Counsel will spend an additional 30 hours before the matter is closed. *See* ECF No. 13-1 at 12. Counsel attests that counsel Goodley's rate is $360 an hour and McCarthy's rate is $275 an hour. ECF No. 13-6 ¶ 15. Counsel also attests that more documentation of attorneys' fees and costs will be provided in a motion for final approval. *Id.* ¶ 16.

Finally, the service award to Plaintiff Curtis is also reasonable. "To determine whether an incentive payment is warranted, it is appropriate to consider 'the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation.'" *Edelen*, 2013 WL 3816986, at *16 (quoting *Hoffman v. First Student, Inc.*, No. 06-cv-1882-WDQ, 2010 WL 1176641, at *3 (D. Md. Mar. 23, 2010)). The Settlement Agreement awards a single service

award of $5,000. ECF No. 13-7 ¶ 14. Plaintiff Curtis has expended time and effort in this litigation. *See* ECF No. 13-6 ¶ 4. In addition, an amount of $5,000 is in line with other awards in this Circuit. *See, e.g.*, *Starr*, 2021 WL 2141542, at *6 (awarding two named plaintiffs a $7,000 service award); *Hoffman*, 2010 WL 1176641, at *3 (awarding each named plaintiff a $3,000 service award).

Thus, this Court conditionally certifies the Rule 23 class and grants preliminary approval to the Settlement Agreement under Maryland state wage and hour laws.

### B. FLSA Settlement Preliminary Approval

Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act. Specifically, the provision states that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit. To effectuate the remedial purposes of the Act, it is well settled that district courts have discretion, in appropriate cases, to allow such claims to proceed as a collective action and to facilitate notice to potential plaintiffs." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008) (internal citations omitted).

#### 1. Preliminary Certification of the Section 216(b) Collective

Plaintiff requests that the Court conditionally certify the following collective under Section 216(b):

> All current or former employees of Genesis Engineering Solutions, Inc. ("GES"), in the job categories of Procurement Specialist, PCB Electronics Assembler, PWB Fabrication Lead, Cable Harness Assembler, Support Specialists and Technicians (and similar positions), who performed work for GES in Maryland and who were not paid overtime compensation at 150% of their applicable regular rate of pay for at least one workweek during the last three years[.]

ECF No. 13 at 2. Plaintiff argues that all putative plaintiffs are similarly situated in that they all may have been illegally denied overtime compensation. *See* ECF No. 13-1 at 24.

"First, an initial inquiry must be undertaken to determine whether the named plaintiff is similarly situated to the putative class members so that the class may be conditionally certified and so that notice may be sent to the putative class members." *Shaver*, 2016 WL 1625835, at *2 (citing *Edelen v. Am. Residential Servs., LLC*, No. 11-cv-2744-DKC, 2013 WL 3816986, at *2 (D. Md. Jul. 22, 2013)). Second, "[a]fter putative class members have had the opportunity to object, it must be determined whether final certification of the class is warranted, and whether the settlement presents a fair and reasonable compromise of a bona fide dispute among the parties under the FLSA." *Id.*

The Court finds that these potential collective members are similarly situated. They had the same job duties and were all allegedly subject to the same policies that unlawfully denied overtime pay. All putative collective members would advance the same FLSA claim against Defendant regarding unpaid wages. Thus, the Court will conditionally certify the FLSA collective for the purposes of settlement.

   2. **Preliminary Approval of Settlement**

At this stage in the proceedings, the Court must determine whether, subject to further consideration at the Final Fairness Hearing, the terms of the Settlement Agreement can be preliminarily approved. *See, e.g.*, *Edelen*, 2013 WL 3816986, at *2; *Shaver*, 2016 WL 1625835,

14

at *3. "The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Fonseka v. Alfredhouse Eldercare, Inc.*, No. 14-cv-3498-GJH, 2015 WL 3863068, at *2 (D. Md. June 19, 2015) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). "[C]ourts must evaluate whether the 'settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1355); *see also Leigh v. Bottling Grp., LLC*, No. 10-cv-0218-DKC, 2012 WL 460468, at *4 (D. Md. Feb. 10, 2012) ("District courts in this circuit have typically applied the considerations set forth in *Lynn's Food Stores, Inc.*").

"In determining whether a bona fide dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement." *Fonseka*, 2015 WL 3863068, at *3 (citing *Lomascolo*, 2009 WL 3094955, at *10). Plaintiff and Defendant disagree over whether the FLSA collective members were misclassified as exempt from FLSA overtime requirements. *See* ECF No. 13-1 at 3, 5. In response to Plaintiff's claims, Defendant drafted a statement responding and summarizing its defenses. *See id.* at 5. Thus, there is a bona fide dispute between the parties.

In determining whether a settlement is fair and reasonable, the Court considers the extent of discovery, the stage of the proceedings, the complexity, expense, and likely duration of the litigation, the experience of counsel, and the absence of fraud or collusion. *Fonseka*, 2015 WL 3863068, at *3. Here, the parties have not yet engaged in formal discovery, which could lead to significant costs. There is also no evidence of fraud or collusion, and Class Counsel has attested

to the form of the settlement negotiations. *See* ECF No. 13-6 (Goodley Decl.). Defendant provided payroll data to Plaintiff, which allowed calculations to be made for each potential member of the collective. *Id.* ¶ 6. Class Counsel calculated Defendant's minimum and maximum liability. *Id.* ¶¶ 7, 8. Thus, the parties were able to determine a fair and reasonable settlement amount.

In addition, the Settlement Agreement also complies with the opt-in requirements of Section 216(b). A potential FLSA collective member must opt into the action. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) ("[Section 216(b)] allows as class members only those who 'opt in.'"). The Settlement Agreement accounts for this requirement: "Only those who sign their settlement checks (and thus affirmatively opt in to the FLSA class under Section 216(b)) will release their FLSA claims." ECF No. 13-1 at 6; ECF No. 13-7 ¶ 5. The Court finds that this opt-in procedure complies with Section 216(b). *See, e.g.*, *Edelen*, 2013 WL 3816986, at *2 ("With respect to the FLSA claims, those members of the proposed collective class who sign or endorse their settlement checks from Defendants will be deemed to have agreed to (1) joining the FLSA collective action and (2) releasing their FLSA claims[.]"). The Settlement Agreement also clearly delineates between the release of claims under the FLSA and the state law claims. *See* ECF No. 13-7 at 11.[5]

Thus, this Court conditionally certifies the Section 216(b) collective and grants preliminary approval to the Settlement Agreement under the FLSA.

---

[5] In addition, the requested attorneys' fees and service award are also reasonable for the reasons discussed in Part A. Both the MWHL and the FLSA provide for reasonable attorneys' fees and costs. *See Edelen v. Am. Residential Servs., LLC*, No. 11-cv-2744-DKC, 2013 WL 3816986, at *12 (D. Md. July 22, 2013). In addition, courts will allow reasonable incentive awards to named plaintiffs in hybrid actions such as these. *See id.*

### C. Notice

Finally, Plaintiff requests that the Court authorize the mailing of the proposed Settlement Notice. ECF No. 13 ¶ 10; *see also* ECF No. 13-4 ("Settlement Notice"). Under Federal Rule of Civil Procedure 23, notice to class members "must clearly and concisely state in plain, easily understood language":

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment[.]

Fed. R. Civ. P. 23(c)(2)(B). In addition, in a "hybrid" action such as this one, the notice must reflect and carefully explain the hybrid nature of the claims. *See, e.g.*, *Shaver*, 2016 WL 1625835, at *1.

The Court finds that the revised Notice is adequate and appropriate. *See* ECF No. 13-4 at 8. The revised Notice explains the nature of the suit, the terms of the settlement, and the release of claims under both state law and federal law. *See id.* The revised Notice clearly explains the "hybrid" nature of the settlement and explains what a class or collective member do to exclude himself or herself from the settlement. *See id.* at 8, 9. The revised Notice also clearly explains which claims a potential class or collective member will release. *See id.* at 11, 13.

### IV. CONCLUSION

For the reasons discussed, the Court grants the consent Motion for Preliminary Approval. A separate Order follows. In summary:

1. The Court preliminarily certifies both the Rule 23 class and the Section 216(b) collective;

2. The Court preliminarily approves the Settlement Agreement under both Rule 23 and the FLSA;

3. The Court preliminarily approves Plaintiff James Curtis as the representative of the Rule 23 class and the Section 216(b) collective;

4. The Court preliminarily approves Goodley McCarthy LLC and Goodley Law LLC as Class Counsel for the Settlement Class and the FLSA Class;

5. The Court preliminarily approves RG2 Claims Administration as Settlement Administrator;

6. The Court preliminarily approves the Settlement Administrator's costs of claims administration, in an amount not to exceed Six Thousand Dollars ($6,000);

7. Plaintiff is authorized to mail the proposed Settlement Notices to putative class and collective members; and

8. The Court gives approval to the following schedule:

    a. On or before seven (7) calendar days after the date the Court enters the Order, Defendant will transfer to the Administrator a payment in the amount of $100,000, plus the amount necessary to cover any payroll taxes/withholdings borne by employers.

    b. On or before thirty (30) days after the Court enters the Order, the Administrator will mail to each Settlement Class member a package containing the applicable Notice.

    c. The deadline for Settlement Class members to object or request exclusion from the Settlement Class shall be forty-five (45) days after the Administrator mails the Notices.

    d.  Class Counsel shall file the Motion for Final Approval of Class Action Settlement, with supporting documentation, no later than fourteen (14) days before the Final Approval Hearing.

    e.  The parties shall contact chambers to schedule a date for the Final Approval Hearing.

Dated:  April  8, 2022                                          /s/_____
                                                                                                            GEORGE J. HAZEL
                                                                                                            United States District Judge